O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELA F. LUIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 04-193 AN<br><br>MEMORANDUM AND ORDER |

       Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits.

       Plaintiff contends the Administrative Law Judge ("ALJ") erred in denying her SSI claim because: (1) the ALJ failed to explain why she found Plaintiff could still perform her past relevant work as a housekeeper even though she found Plaintiff could not perform more than occasional overhead reaching with her left shoulder (first issue); and (2) the ALJ did not give proper reasons for discrediting her subjective complaints of pain

1  (second issue).

2        The Court finds the Commissioner did not err with respect to the second issue for
3  the reasons asserted by the Commissioner. However, as to the first issue, the Court finds
4  a remand for further proceedings is required for the reasons asserted by Plaintiff.

5        The ALJ found Plaintiff was capable of performing her past relevant work as a
6  domestic housekeeper even though she was limited to "more than occasional *overhead*
7  reaching with her shoulder." But, as Plaintiff correctly asserts, the DOT description for
8  the housekeeper position states this job requires a "constant" level of reaching in all
9  directions, which includes *overhead* reaching. Nonetheless, the Commissioner argues
10 that no remand is required because Plaintiff's self-completed vocational report does not
11 show that her past relevant work as a housekeeper actually required any overhead
12 reaching, let alone constant, frequent, or even occasional overhead reaching. However,
13 the ALJ did not expressly give this as a reason in her decision for deviating from the
14 DOT; nor did she call upon the services of a vocational expert ("VE") to justify her
15 departure or deviation from the DOT. Indeed, the ALJ did not give any explanation for
16 her departure or deviation and, by failing to do so, she committed a legal error. *Light v.*
17 *Social Sec. Admin.*, 119 F.3d 789, 794 (9th Cir. 1997) (reversing because "[n]either the
18 ALJ nor the vocational expert explained the reason for departing from the DOT"). On
19 remand, the ALJ must explain her deviation from the DOT and should call a VE if she
20 finds Plaintiff's residual functional capacity is tempered by non-exertional limitations.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

IV.  CONCLUSION

For the reasons discussed above, the Court finds the ALJ's determination of non-disability is not free of legal error and supported by substantial evidence.  Accordingly, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: September 26, 2005     /s/ Arthur Nakazato
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE